GLD-150                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3754
_____

AARON CHRISTOPHER WHEELER,
Appellant

v.

KIM ULISNY, Mailroom Supervisor, SCI-Graterford;
MICHAEL SPENCER, Business Manager, SCI-Graterford;
U.S. POSTAL SERVICE, Postmaster General (Collegeville)
JOHN DOE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-01868)
District Judge:  Honorable Legrome D. Davis

_____

Submitted for Possible Dismissal for Lack of Appellate Jurisdiction,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B),
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2012

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, <u>Circuit Judges</u>

(Opinion filed April 25, 2012)
_____

OPINION
_____

PER CURIAM

        Aaron Christopher Wheeler, a prisoner at the State Correctional Institution

("SCI") Graterford, appeals pro se from a District Court judgment in favor of the defendants. For the reasons that follow, we will affirm the District Court's judgment.

I.    Background

In November 2010, Wheeler filed a complaint in the Montgomery County Court of Common Pleas against Kim Ulisny and Michael Spencer, state employees of SCI Graterford, and the United States Postal Service ("USPS"). USPS then removed the complaint to the United States District Court for the Eastern District of Pennsylvania.

In his complaint, Wheeler alleged that defendants lost his "legal property," an autobiography and at least 30 original photographs of family members and friends. Wheeler stated that he gave the items to prison officials on March 19, 2010, to mail to Brotha Charles Perroud of Amnesty International in Montreal, Canada. He stated that Ulisny, the mailroom supervisor at SCI Graterford, determined that the materials should be mailed by airmail, without Wheeler's authorization. Ulisny then had Spencer, the manager of SCI Graterford's business office, deduct $25.95 of Wheeler's funds for the cost of airmail, also without Wheeler's authorization. Wheeler stated that he received a letter from Perroud on June 18, 2010, informing him that Perroud never received his autobiography or photographs. Wheeler sought damages against defendants for the loss of his autobiography and photographs, which the District Court interpreted as claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., 42 U.S.C. § 1983, and 42 Pa. Cons. Stat. § 8522. See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999). He also sought to initiate criminal actions against Ulisny and Spencer for

2

allegedly improperly deducting funds and interfering with mail under state and federal law.

Defendants filed motions to dismiss. The District Court granted USPS's motion to dismiss, and granted Ulisny and Spencer's motion to dismiss in part, as to the federal claims, and remanded the state claims to the Montgomery County Court of Common Pleas.[1] Wheeler timely appealed. However, on December 6, 2011, his appeal was dismissed for failure to timely prosecute because Wheeler failed to pay the requisite fee as directed. On January 16, 2012, Wheeler filed a motion to reopen, along with a motion to proceed in forma pauperis ("IFP"). USPS opposes Wheeler's motion to reopen and motion to proceed IFP.

II.    Discussion

A.    Motion to Reopen and Motion to Proceed IFP

Before we can review Wheeler's appeal, we must address his motion to reopen and motion to proceed IFP. Although Wheeler's motion to reopen was filed late, see 3d Cir. LAR 107.2, we accept his explanation that he had mailed his IFP forms, but was never informed that the Court did not receive them. Therefore, we find that Wheeler had good cause for failure to timely prosecute his appeal, and grant his motion to reopen.

USPS opposes Wheeler's IFP motion, asserting that Wheeler is barred from

---

[1] Because the District Court remanded the state claims to state court, the District Court denied as moot Ulisny and Spencer's motion to dismiss these claims.

3

bringing the appeal IFP because he has "three strikes" under 28 U.S.C. § 1915(g).[2]  To

support this assertion, USPS cites two federal and two state cases that USPS contends

were dismissed as frivolous or for failure to state a claim.  Dismissals of civil actions or

appeals from state courts, however, are not considered in applying § 1915(g).  See 28

U.S.C. § 451 (defining "court of the United States").  Two of the four "strikes" presented

by USPS are state court cases.  Therefore, Wheeler is not barred from bringing this

appeal IFP, as he does not have "three strikes" under § 1915(g).

Wheeler's IFP documents indicate that his monthly pay is $50 and that his prison

account has a negative balance.  Wheeler, therefore, has met the financial requirement to

proceed IFP by establishing that he is unable to pay the filing fee.  See 28 U.S.C. §

1915(a)(1); Walker v. People Express Airlines, Inc., 886 F. 2d 598, 601 (3d Cir. 1989).

Accordingly, Wheeler's motion to proceed IFP is granted.

B.      Appeal

Although we grant Wheeler's motion to reopen and motion to proceed IFP, his

appeal nonetheless fails, and we will summarily affirm the District Court's decision.  See

3d Cir. LAR 27.4; I.O.P 10.6.  We have jurisdiction pursuant to 28 U.S.C. § 1291.[3]  See

---

[2] Under 28 U.S.C. § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action . . . if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

[3] The District Court had jurisdiction under 39 U.S.C. § 409, and therefore the action was properly removed from state court under 28 U.S.C. § 1441.

Erie Cnty. Retirees Ass'n v. Cnty. of Erie, Pa., 220 F.3d 193, 202 (3d Cir. 2000). We exercise plenary review of an order granting a motion to dismiss. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We review a District Court's decision to remand for abuse of discretion. Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 283 (3d Cir. 2010).

Wheeler filed suit against defendants for the loss of his autobiography and photographs. USPS, however, is immune from suit by the doctrine of sovereign immunity. Dolan v. United States Postal Serv., 546 U.S. 481, 484 (2006) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). The FTCA generally waives USPS's sovereign immunity with respect to claims for money damages arising out of the loss of property. 28 U.S.C. §§ 1346(b), 2674. Nevertheless, USPS retains sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Wheeler alleged that USPS lost his autobiography and photographs after they were delivered to USPS for mailing by Ulisny and Spencer for airmail service. Once the items were given to USPS, they became "postal matter" within the meaning of § 2680(b). See Georgacarakos v. United States, 420 F.3d 1185, 1186 (10th Cir. 2005). Therefore, USPS was immune from suit because the claim arose out of the alleged loss of postal matter, and the District Court properly granted USPS's motion to dismiss.

We agree with the District Court's dismissal of Wheeler's federal due process claim against Ulisny and Spencer. "[T]he Due Process Clause is simply not implicated

5

by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Moreover, property loss caused by the intentional act of a state employee is also not actionable under 42 U.S.C. § 1983, where an adequate post-deprivation remedy is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Wheeler does not dispute that a state tort suit for conversion pursuant to 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3) is an adequate post-deprivation remedy. Thus, Wheeler's claim that Ulisny and Spencer deprived him of his property without due process of law fails. The District Court also properly dismissed Wheeler's attempt to initiate federal criminal actions against Ulisny and Spencer because a private citizen cannot file a criminal complaint in court nor is there a federal right to require the Government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988).

We also address the District Court's remand of the remaining state law claims to the Montgomery County Court of Common Pleas. When the claims over which the district court had original jurisdiction are dismissed, the district court may decline to decide the pendent state claims. 28 U.S.C. § 1367(c); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). The District Court properly granted defendants' motions to dismiss, as to the federal claims. The remaining claims, whether Ulisny and Spencer are liable for the loss of Wheeler's autobiography or photographs under 42 Pa. Cons. Stat. § 8522 and whether Wheeler may initiate state criminal actions against Ulisny and Spencer, are solely state law claims. Accordingly, the District Court

6

did not abuse its discretion in declining to decide the state claims and remanding these claims to state court.

For the foregoing reasons, we grant Wheeler's motion to reopen and motion to proceed in forma pauperis, and we will affirm the District Court's judgment.[4]

---

[4] As a prisoner, Wheeler is required to pay the filing fee for this appeal in installments. See 28 U.S.C. § 1915(b). The Clerk is directed to issue a separate order noting that Wheeler's motion to proceed IFP has been granted and direct the assessment and collection of fees in accordance with the statute.