[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Arnold v. Gallagher,* Slip Opinion No. 2018-Ohio-2628.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2628

THE STATE EX REL. ARNOLD, APPELLANT, *v*. GALLAGHER, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Arnold v. Gallagher,* Slip Opinion No. 2018-Ohio-2628.]

*Mandamus—Procedendo—Court of appeals' denial of writs affirmed.*

(No. 2017-0830—Submitted December 5, 2017—Decided July 10, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 105351, 2017-Ohio-4076.

_____

**Per Curiam.**

{¶ 1} Appellant, Martice Arnold, appeals from the judgment of the Eighth District Court of Appeals denying his request for writs of mandamus and/or procedendo against appellee Cuyahoga County Court of Common Pleas Judge Hollie L. Gallagher.  During the pendency of this case, Arnold filed numerous motions.  We deny all the motions and affirm the judgment of the court of appeals.

## BACKGROUND

{¶ 2} On October 27, 1994, the Cuyahoga County Grand Jury returned an eight-count indictment against Arnold, charging him with two counts of aggravated murder (Counts 1 and 2, each with four capital specifications), three counts of attempted murder (Counts 3, 4, and 5), one count of aggravated robbery (Count 6), and two counts of kidnapping (Counts 7 and 8). Each of the eight counts included a firearm specification.

{¶ 3} On March 29, 1995, the parties appeared before Cuyahoga County Court of Common Pleas Judge Thomas J. Pokorny. Arnold pleaded guilty to the charge of aggravated murder in Count 2, with all the capital specifications removed and only the gun specification remaining. He also pleaded guilty to Counts 3, 4, 5, and 7, with a gun specification attached to each. The state dismissed Counts 1, 6, and 8.

{¶ 4} That same day, Judge Pokorny filed an entry memorializing the in-court proceedings. Consistently with the state's representations, the court noted in the entry that Count 2 had been amended to delete the four capital specifications. But the entry then indicates that Arnold pleaded guilty to "Amended Ct 1." The court noted in the entry that Arnold pleaded guilty to three counts of attempted murder with firearm specifications and one count of kidnapping with a firearm specification and that all "remaining counts" were dismissed.

{¶ 5} The entry's reference to Arnold's guilty plea to "Amended Ct 1" appears to be a typographical error. As noted, the court amended Count 2, not Count 1, to dismiss the capital specifications.

{¶ 6} Judge Pokorny later journalized a separate sentencing entry, imposing a prison term of 20 years to life, plus an aggregate term of 6 years on the gun specifications. The sentencing entry correctly states that Arnold had pleaded guilty to aggravated murder under amended Count 2.

{¶ 7} On January 10, 2017, Arnold filed an original action in the Eighth District Court of Appeals against Judge Gallagher (as successor to Judge Pokorny) and appellee Cuyahoga County Clerk of Courts Nailah Byrd. He alleged that his 1995 sentencing entry was void because it was not journalized within 30 days of his guilty plea (as required by former Sup.R. 13), did not dismiss Count 1, did not indicate that he had waived his constitutional rights, did not state that he had pleaded guilty to amended Count 2, and misstated the sentencing date. He also argued that Judge Pokorny miscalculated the aggregate term imposed for the firearm specifications by running two of the three-year terms consecutively. He sought writs of mandamus and/or procedendo to compel Judge Gallagher to conduct a de novo resentencing and issue a new final, appealable order, and to compel Byrd to journalize the new sentencing entry once it was created.

{¶ 8} Judge Gallagher and Byrd filed a joint motion for summary judgment, to which Arnold responded. On May 26, 2017, the court of appeals granted summary judgment in favor of Judge Gallagher and Byrd.

{¶ 9} Arnold timely appealed and filed a motion for appointment of counsel. Arnold later filed four motions to supplement the record, which we denied. 150 Ohio St.3d 1415, 2017-Ohio-7040, 79 N.E.3d 568. Thereafter, the parties filed merit briefs. And in September and October 2017, Arnold filed nine pleadings in this court; Judge Gallagher and Byrd have not responded to any of these filings.

## LEGAL ANALYSIS

### Issues Raised by Arnold on Appeal

*Proposition of law Nos. 1 and 7*

{¶ 10} Arnold appeared in court to enter his plea orally on March 29, 1995. He alleges, "The record is silent from this March 29, 1995 hearing until May 16, 1995. * * * No journal entry had been entered or filed reflecting that a hearing had taken place * * *." In support of proposition of law No. 1, he argues that former

Sup.R. 13 (now Sup.R. 7) required the trial court to file an entry within 30 days of his guilty plea and that a writ of mandamus should issue to compel Judge Gallagher to issue a new entry. And in proposition of law No. 7, he asserts that the alleged failure to issue an entry within 30 days of his guilty plea violated his constitutional rights.

{¶ 11} The evidence in the record does not support these claims. Arnold relies on the Appearance and Execution Criminal Docket, which contains handwritten entries for March 29 and April 28, 1995. This document is not part of the record in Arnold's case, and even if it were, Arnold misunderstands its significance.

{¶ 12} As its name suggests, the Appearance and Execution Criminal Docket records only court appearances by the defendant. For a complete record of entries filed in the case, one must refer to the clerk's docket sheet, which is attached to Arnold's complaint. The docket sheet shows that the trial court filed an entry memorializing the March 29 plea hearing the same day as the hearing and filed the sentencing entry on April 28, exactly 30 days later. Therefore, no violation of former Sup.R. 13 or Arnold's constitutional rights occurred.

{¶ 13} We reject proposition of law Nos. 1 and 7.

*Proposition of law Nos. 2 and 8*

{¶ 14} Proposition of law Nos. 2 and 8 arise from the trial court's alleged failure to dismiss Count 1. As shown above, the reference to Arnold's guilty plea to "Amended Ct 1" in the March 29, 1995 entry was a typographical error, which the court remedied in its sentencing order. Because the March 29 entry should have indicated a guilty plea to Count 2, Count 1 was included in the "remaining counts" that were dismissed by the state at that time.

{¶ 15} Nevertheless, Arnold claims that he is entitled to a writ of mandamus to compel resentencing. But Arnold could have challenged the March 29, 1995 entry on direct appeal. Therefore, he had an adequate remedy by way of appeal.

*State ex rel. Nelson v. Russo*, 131 Ohio St.3d 51, 2011-Ohio-6552, 960 N.E.2d 448. We reject proposition of law Nos. 2 and 8.

### *Proposition of law Nos. 3 and 5*

{¶ 16} In proposition of law Nos. 3 and 5, Arnold challenges Judge Gallagher's authority to issue two nunc pro tunc entries. Proposition of law No. 3 asserts that the judge lacked jurisdiction to issue the entries because the case had already been heard on appeal. And proposition of law No. 5 attacks the validity of the entries on separation-of-powers grounds.

{¶ 17} Judge Gallagher issued two nunc pro tunc orders on March 1, 2017. The first order corrected the error in the March 1995 plea entry to indicate that Arnold had pleaded guilty to amended Count 2 rather than amended Count 1. The second order corrected and clarified the sentences imposed on each offense and specification. Trial courts in criminal matters "retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13.

{¶ 18} Arnold has not demonstrated any defect in Judge Gallagher's jurisdiction to correct the two entries issued in 1995, and he offers no coherent separation-of-powers argument. We therefore reject proposition of law Nos. 3 and 5.

### *Proposition of law No. 4*

{¶ 19} Proposition of law No. 4 asserts that the court of appeals improperly granted summary judgment in the face of disputed material facts. But Arnold does not identify any additional facts that should have precluded summary judgment. We reject proposition of law No. 4.

### *Proposition of law No. 6*

{¶ 20} Proposition of law No. 6 asserts that Arnold's sentence, as set forth in the nunc pro tunc sentencing entry, is void because it does not reflect the law in

effect at the time of his crimes. But he does not explain how Judge Gallagher supposedly deviated from the statutory requirements in force at the time of the offenses. We reject proposition of law No. 6.

### Arnold's Procedural Filings

*Motions for appointment of counsel*

{¶ 21} On June 16, 2017, along with his notice of appeal, Arnold filed a motion asking this court to appoint counsel to represent him in this appeal, pursuant to the Rules for Appointment of Counsel in Capital Cases. More recently, on October 25, 2017, he filed a second motion for appointment of counsel, this time specifically citing Appt.Coun.R. 5.03 and 28 U.S.C. 1915.

{¶ 22} Under Appt.Coun.R. 1.04(A), the Rules for Appointment of Counsel in Capital Cases are applicable whenever an indigent defendant has been charged with aggravated murder and the indictment includes one or more capital specifications under R.C. 2929.04(A). Even assuming that Arnold's case is still a capital case (as noted above, the capital specifications were dismissed), he is still not entitled to appointment of counsel. The rules provide for only two types of appointment: (1) trial counsel to defend an indigent defendant from capital charges, Appt.Coun.R. 5.02(A), and (2) appellate counsel when the trial court has imposed a sentence of death, Appt.Coun.R. 5.03(A). The rules do not provide for appointed counsel for a collateral proceeding, which is consistent with the principle that "[i]ndigent criminal defendants, prior to conviction, have the constitutional right to appointed counsel, but that right does not necessarily extend to postconviction pleadings such as motions for delayed appeals or applications to reopen appeals * * *," *Disciplinary Counsel v. Cotton*, 115 Ohio St.3d 113, 2007-Ohio-4481, 873 N.E.2d 1240, ¶ 15, fn. 6 (plurality opinion).

{¶ 23} Arnold's reliance on 28 U.S.C. 1915 is equally unavailing. Section 1915 governs suits by prisoners in "any court of the United States." 28 U.S.C. 1915(a)(1). The statutory phrase "court of the United States" refers to Article III

6

courts and certain federal courts created by act of Congress but does not include state courts. *See* 28 U.S.C. 451; *Harris v. Mangum*, 863 F.3d 1133, 1140 (9th Cir.2017); *Wheeler v. Ulisny*, 482 Fed.Appx. 665, 667-668 (3d Cir.2012).

**{¶ 24}** We deny the motions for appointment of counsel.

*Discovery motions*

**{¶ 25}** On September 1, 2017, Arnold filed four pleadings to compel different forms of discovery: (1) a Civ.R. 26 motion to compel the production of certain documents, (2) a Civ.R. 34 motion to permit inspection of certain documents, (3) a Civ.R. 37 motion to compel Judge Gallagher to submit to an oral deposition, and (4) a Civ.R. 33(A) motion for leave to serve interrogatories by ordinary mail only. These motions are all denied.

**{¶ 26}** The Rules of Civil Procedure supplement this court's rules in *original* actions before this court. S.Ct.Prac.R. 12.01(A)(2)(b). However, the Rules of Practice of this court make no provision for discovery during an appeal as of right. Nor are we inclined to order discovery as a matter of discretion, given that Arnold's motions do not explain why the information he seeks is relevant, much less necessary. We deny the four discovery-related motions.

*Motion to change venue*

**{¶ 27}** On September 12, 2017, Arnold filed a motion for a change of venue pursuant to Civ.R. 3(C)(4). The motion asks that in the event that we order a new sentencing hearing, we transfer the case out of Cuyahoga County. A venue change is necessary, he argues, due to media attention in Cuyahoga County to his underlying case and also because he fears that Judge Gallagher will seek retribution for his filing an affidavit of disqualification against her, which was denied on September 28, 2017. *See In re Disqualification of Gallagher*, Supreme Court case No. 17-AP-101. Because we are not remanding the case for a new sentencing hearing, this motion is moot.

*Jury demand*

**{¶ 28}** On September 12, 2017, Arnold filed a jury demand, pursuant to Civ.R. 38(B). Civ.R. 38(B) provides that any party "may demand a trial by jury on any issue triable of right by a jury." Issues raised in a mandamus action are not "triable of right" by a jury. *Freeman v. Wilkinson*, 65 Ohio St.3d 307, 309, 603 N.E.2d 993 (1992). We deny Arnold's jury demand.

*Requests for judicial notice and opportunity to be heard*

**{¶ 29}** There are two rules pertaining to judicial notice. Civ.R. 44.1 "pertains to judicial notice of domestic and foreign laws." *Daloia v. Franciscan Health Sys. of Cent. Ohio, Inc.*, 79 Ohio St.3d 98, 108, 679 N.E.2d 1084 (1997). And Evid.R. 201 permits a court to take judicial notice of "adjudicative facts; i.e., the facts of the case." Evid.R. 201(A). On September 27, 2017, Arnold filed a request for judicial notice under Civ.R. 44.1, and on October 17, 2017, he filed a request for an opportunity to be heard pursuant to Evid.R. 201(E).

**{¶ 30}** Under Evid.R. 201(E), a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice. Arnold availed himself of the opportunity to be heard on the issue when he filed his request for judicial notice. *See State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 15 ("Bell was given the opportunity to be heard on this issue when he raised it in his objections to the magistrate's decision. No oral hearing was required"). We deny Arnold's Evid.R. 201(E) request.

**{¶ 31}** We also deny Arnold's request for judicial notice under both the Civil Rules and the Rules of Evidence. His request asks this court to take judicial notice of numerous disputed facts (e.g., that his sentencing entry and judgments of conviction "are incorrect, inconsistent with the transcripts of proceedings and invalid") and legal conclusions (e.g., that the court of appeals lacked jurisdiction over his direct appeal). Judicial findings under Civ.R. 44.1(A)(1) are restricted to "the rules of the supreme court of this state and of the decisional, constitutional,

and public statutory law of this state." And the "facts" Arnold has identified are not proper "adjudicative facts" under the Rules of Evidence. The only facts subject to judicial notice are those that are "not subject to reasonable dispute." Evid.R. 201(B); *State v. Murphy*, 10th Dist. Franklin No. 12AP-952, 2013-Ohio-5599, ¶ 24 (declining to take judicial notice of alleged prosecutorial misconduct, discovery violations, and error by the trial court).

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., concurs in judgment only.

DEGENARO, J., not participating.

_____

Martice Arnold, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellees.

_____