[Cite as *State v. Brown*, 2019-Ohio-1696.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY

STATE OF OHIO,

                              CASE NO. 5-18-25

    PLAINTIFF-APPELLEE,

  v.

FRANK C. BROWN, JR.,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2002-CR-00197

Judgment Affirmed

Date of Decision:  May 6, 2019

APPEARANCES:

    *Frank C. Brown, Jr.* **Appellant**

    *Phillip A. Riegle* **for Appellee**

Case No. 5-18-25

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Frank C. Brown Jr. ("Brown") brings this appeal from the judgment of the Common Pleas Court of Hancock County denying his motion to vacate his post-release control ("PRC"). Brown argues that the imposition of PRC was void because the judgment entry stated that PRC was mandatory up to a maximum of five years and that the State of Ohio breached the plea agreement. For the reasons set forth below, the judgment is affirmed.

{¶2} On October 29, 2002, the Hancock County Grand Jury indicted Brown on four counts of Sexual Barry in violation of R.C. 2907.03(A)(5) and one count of Rape in violation of R.C. 2907.02(A)(1)(b). Doc. 1. On January 21, 2003, Brown changed his pleas from not guilty to guilty on all five counts. Doc. 26. The written change of plea stated that "[a]fter prison release, I will have up to five (5) years of post-release control." *Id.* The change of plea hearing and sentencing hearing both happened on that same day. Doc. 29. At the hearing, the plea agreement was put on the record and included an agreed aggregate sentence of 15 years in prison. Brown was informed about PRC as follows.

> **The Court: Now, do you also understand that at the conclusion of that 15 years, and upon your release from prison, the Ohio Department of Rehabilitation and Correction is going to put you on something called post release controlled sanctions. That's the new name in Ohio for parole. Because of the nature of the rape charge, you're looking at a mandatory period of five years post release control. Do you understand?**
>
> **The Defendant: Yes, Your Honor.**

Tr. 23-24. The judgment entry stated that it had "notified the Defendant that post release control is mandatory in this case up to a maximum of five (5) years". Doc. 29. No direct appeal was taken from the imposition of the sentence.[1]

{¶3} On October 16, 2017, Brown completed his prison term and the Adult Parole Authority placed him on five years of PRC. Doc. 176. On February 16, 2018, Brown filed a motion to vacate his PRC claiming that it was not properly imposed. *Id.* The State filed its response to the motion on March 9, 2018. Doc. 178. On September 27, 2018, the trial court overruled the motion. Doc. 180. Brown filed his notice of appeal from this judgment on October 26, 2018. Doc. 181. On appeal, Brown raises the following assignments of error.

### First Assignment of Error

**The trial court erred when it failed to grant the motion to vacate [PRC].**

### Second Assignment of Error

**The trial court erred when it failed to grant the motion to vacate [PRC] based on a breach of contract by the State of Ohio.**

{¶4} Brown's first assignment of error alleges that the trial court erred by failing to grant the motion to vacate the order of PRC because it was improperly imposed at the time of sentencing. This court recently addressed this issue in *State v. Jacobs*, 3d Dist. Logan No. 8-18-04, 2018-Ohio-3218. In *Jacobs*, the defendant

---

[1] Brown filed for a delayed appeal on July 10, 2003. Doc. 51. This request was denied.

was notified at the sentencing hearing that PRC was mandatory for five years after the completion of his prison term. *Id*. at ¶ 2. However, the sentencing entry indicated that he "may" be subject to five years of PRC. *Id*. When he completed his sentence, the Adult Parole Authority placed Jacobs on PRC. Less than a year later, Jacobs violated the terms of his PRC and was sentenced to six months in prison. *Id*. at ¶ 3. Jacobs then filed a motion to vacate the PRC on the grounds that it was improperly imposed by the use of the word may instead of shall. *Id*. at ¶ 3-4. The motion was denied and the trial court issued a nunc pro tunc judgment entry correcting the language. *Id*. at ¶ 4. Jacobs appealed from the trial court's ruling. *Id*. at ¶ 5.

{¶5} On appeal, this Court recognized that trial courts must notify a defendant of 1) the details of PRC and the consequences of violating it; 2) whether PRC is mandatory or discretionary; and 3) the term of supervision. *Id*. at ¶ 11.

> **When assessing whether [PRC] is validly imposed, the " 'main focus in interpreting the sentencing statutes regarding [PRC] has always been on the notification itself and not on the sentencing entry.' " \* \* \* "[T]he 'preeminent purpose' of R.C. 2967.28 [is] that 'offenders subject to [PRC] know *at sentencing* that their liberty could be restrained after serving their initial sentences.' "**

*Id*. at ¶ 12 (citations omitted). This Court also noted that if the sentence did not include the statutorily mandated term of PRC, it is a void sentence that may be reviewed at any time. *Id*. at ¶13. However, this Court recognized that the mistaken use of a discretionary term in a sentencing entry when the defendant was told at the

sentencing hearing that the term was mandatory does not render the sentence void. *Id*. at ¶ 14. Since Jacobs had sufficient notice of the PRC to be imposed and that it was mandatory, his sentence was not void. *Id*. at 15. Because the sentence was not void, Jacobs had to raise his objections on his direct appeal and the failure to do so resulted in his argument being barred by the doctrine of *res judicata. Id*. at ¶ 16.

{¶6} Like the defendant in *Jacobs,* Brown was properly notified at the sentencing hearing that he would be subject to a mandatory five year term of PRC. The judgment entry mistakenly indicated that the term would be "up to" a maximum of five years, but correctly informed Brown that he the term of PRC was mandatory. Reviewing the record in this case, there is no question that Brown knew that he was subject to PRC and the length of the term. Thus, the imposition of the PRC portion of the sentence in this case is not void. Any objection to the sentence, including PRC, would therefore need to be raised on direct appeal. Since Brown failed to file a direct appeal from his conviction and sentence, the issue is barred by the doctrine of *res judicata*. The first assignment of error is thus overruled.

{¶7} Next, Brown claims that the State breached the plea agreement by ordering a nunc pro tunc judgment entry to correct error of the language regarding PRC. Brown argues that by entering the nunc pro tunc judgment, the trial court is altering the plea agreement because the plea agreement said "up to" five years of PRC. Brown argues that the plea agreement was a contract and any modification would result in a breach of that contract. This Court fully agrees that plea

agreements are contracts between the State and the defendant. However, like any other contract, it may be modified. Although the plea agreement stated it was up to five years, at the sentencing hearing Brown was told by the trial court that it would be a mandatory five year term of PRC. Brown was advised of this before he entered his guilty plea. He was repeatedly asked if he had any questions and he said no. He was then asked if he still wished to enter a guilty plea after everything he had been told by the court and he indicated he wished to do so and signed the plea agreement. Thus, even if we accept Brown's argument as valid, he agreed to the modification of the agreement when he entered the guilty plea after being advised that his PRC term would be a mandatory five years.

{¶8} A nunc pro tunc entry is permitted to correct the record to accurately reflect what happened in a hearing when a judgment entry is inaccurate. "Trial courts in criminal matters 'retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided.' " *State ex rel Arnold v. Gallagher*, 153 Ohio St.3d 234, 2018-Ohio-2628, 103 N.E.2d 818, ¶ 17 quoting *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13. A review of the record shows that the trial court correctly informed Brown in open court of the mandatory nature and the term of his PRC at the hearing on January 21, 2003. The judgment entry incorrectly reflected the term of PRC as stated by the trial court in open court at the change of plea and sentencing hearing. Thus the entry did not accurately reflect what the trial court stated at the

hearing. A nunc pro tunc entry is the appropriate method for correcting the error. The second assignment of error is overruled.

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Hancock County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hls**