[Cite as *State v. Palmer*, 2023-Ohio-2719.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 8-22-45

    v.

JEFFREY M. PALMER,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 22 04 0092

Judgment Affirmed and Cause Remanded

Date of Decision: August 7, 2023

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Jeffrey M. Palmer, appeals the December 20, 2022 judgment of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the court, but remand the matter for the limited purpose of allowing the trial court to correct a clerical error by issuing a nunc pro tunc entry.

{¶2} On April 12, 2022, Palmer was indicted on two counts: Count One of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), a second-degree felony; and Count Two of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(c), a second-degree felony. Palmer appeared for arraignment on May 19, 2022 and pleaded not guilty.

{¶3} On November 9, 2022, the trial court held a change-of-plea hearing. Upon the motion of the State, the trial court amended Count Two of the indictment to attempted aggravated possession of drugs in violation of R.C. 2923.02 and 2925.11(A), (C)(1)(C), a third-degree felony. Thereafter, Palmer withdrew his former plea of not guilty and entered a plea of guilty to Count Two. The trial court accepted Palmer's guilty plea and found him guilty of Count Two, as amended. Then, at the request of the State, the trial court dismissed Count One of the indictment. The trial court ordered the preparation of a presentencing investigation and continued the matter for sentencing.

{¶4} At the sentencing hearing held on December 20, 2022, the trial court sentenced Palmer to 12 months in prison. The trial court further ordered that the sentence in the instant case be served consecutively to Palmer's sentence in Clark County Common Pleas Court case number 21CR0408.

{¶5} Palmer filed a timely notice of appeal on December 28, 2022. He raises a single assignment of error for our review.

### Assignment of Error

**The trial court erred by including different consecutive sentence findings in the sentencing entry than were discussed on the record during the sentencing hearing.**

{¶6} In his assignment of error, Palmer argues the trial court erred by including different consecutive-sentencing findings in the sentencing entry than those discussed at the sentencing hearing.

### *Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*

at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶8} In his assignment of error, Palmer argues the trial court erred by including different consecutive-sentencing findings in the sentencing entry than those discussed on the record at the sentencing hearing. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

**{¶10}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St. 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

*Analysis*

**{¶11}** Palmer does not argue the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4) at the sentencing hearing. Rather, Palmer contends that the trial court erred by including different

consecutive-sentencing findings in the judgment entry than those made at the sentencing hearing.

{¶12} At the sentencing hearing, the trial court stated:

The Court finds that a consecutive prison sentence is necessary to protect the public from future crime and to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public. ***The Court also finds the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant.***

(Emphasis added.) (Dec. 20, 2022 Tr. at 9-10). Accordingly, the trial court made the required consecutive-sentencing findings at the sentencing hearing.

{¶13} However, the judgment entry of sentence states as follows:

The Court finds that consecutive sentences are necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. ***The Court further FINDS that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequate reflects the seriousness of the offender's conduct.***

(Emphasis added.) (Doc. No. 29). Accordingly, the consecutive-sentencing findings in the judgment entry of sentence do not reflect the consecutive-sentencing findings made at the sentencing hearing. Specifically, at the sentencing hearing, the trial court cited R.C. 2929.14(C)(4)(c) ("the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future

crime by the offender"); however, the judgment entry of sentence omits the reference to R.C. 2929.14(C)(4)(c) and instead references R.C. 2929.14(C)(4)(b) ("[a]t least two of the multiple offenses were committed as part of one or more courses of conduct"). Notably, no reference was made at the sentencing hearing to R.C. 2929.14(C)(4)(b).

{¶14} Palmer suggests the discrepancy between the consecutive-sentencing findings made at the sentencing hearing and journalized in the judgment entry of sentence render his sentence contrary to law and necessitate a full resentencing hearing. However, our review of the transcript indicates that the trial court made the necessary consecutive-sentencing findings at the sentencing hearing. Accordingly, the discrepancy between the sentencing hearing and the judgement entry of sentence was a clerical error.

{¶15} While we agree with Palmer that the trial court's error in journalizing Palmer's sentence must be corrected, we disagree with his contention that the clerical error necessitates a full resentencing hearing. Crim.R. 36 states that "[c]lerical mistakes in judgments, orders, or other parts of the record * * * may be corrected by the court at any time." Crim.R. 36. "A nunc pro tunc entry is permitted to correct the record to accurately reflect what happened in a hearing when a judgment entry is inaccurate." *State v. Brown*, 3d Dist. Hancock No. 5-18-25, 2019-Ohio-1696, ¶ 8. "Trial courts in criminal matters 'retain continuing jurisdiction to

correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided.'" *State ex rel. Arnold v. Gallagher*, 153 Ohio St.3d 234, 2018-Ohio-2628, ¶ 17, quoting *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 13. A review of the record indicates the trial court made the necessary consecutive-sentencing findings at the sentencing hearing. However, the judgment entry of sentence does not accurately reflect the consecutive-sentencing findings made at the sentencing hearing. Accordingly, the trial court's error in journalizing the consecutive-sentencing findings can be corrected by nunc pro tunc entry. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 24 (finding that a nunc pro tunc entry can correct a clerical error in a sentencing entry "as long as the correction is accomplished prior to the defendant's completion of his prison term").

{¶16} Palmer's assignment of error is sustained insofar as the trial court's sentencing order erroneously references R.C. 2929.14(C)(4)(b) rather than R.C. 2929.14(C)(4)(c).

*Conclusion*

{¶17} In conclusion, we affirm the judgment of the trial court, but remand the matter for the limited purpose of allowing the trial court to correct its clerical error by issuing an appropriate nunc pro tunc entry.

***Judgment Affirmed and
Cause Remanded***

**WALDICK and ZIMMERMAN, J.J., concur.**