[Cite as *State v. Wilson*, 2019-Ohio-2754.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA15 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| DICKIE L. WILSON, | : | **RELEASED: 06/28/2019** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

B. Luke Styer, Huntington, West Virginia for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney and W. Mack Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio for appellee.

Hess, J.

{¶1} After a jury found Dickie L. Wilson guilty of burglary, the court sentenced him to a 30-month prison term. Wilson contends that the trial court erred when it granted the state's motion to amend the indictment, violating his right to indictment by grand jury. He also contends that he was denied the right to effective assistance of counsel because his trial counsel did not call any witnesses in his defense.

{¶2} In our view and after review of the record, we find the trial court did not err when it granted the state's motion to amend the indictment. A court may amend an indictment to cure defects or imperfections provided that no change is made in the name or identity of the crime charged. The indictment charged Wilson with burglary, which is a third-degree felony under the relevant statutory provision. Yet the indictment contained a typographical error that incorrectly identified burglary as a fourth-degree felony offense. Because the original indictment contained the correct statutory section and language and

the amendment made no change in the name or identity of the crime charged, the amendment was proper. Wilson was aware of the charges against him and was not prejudiced by the amendment.

**{¶3}** Wilson also contends that he was deprived of his right to the effective assistance of counsel because his trial counsel did not call any witnesses in his defense. However, Wilson has failed to establish that his lawyer's performance was deficient or that he was prejudiced. Wilson was caught in the act of burglary with several neighbors restraining him until the police could arrive to arrest him. Nothing in the record indicates that there were any witnesses who could have testified in his defense. To the extent his claim of ineffective assistance relies upon evidence outside the record on appeal, a direct appeal is not the appropriate vehicle for Wilson to raise this claim.

**{¶4}** We affirm the trial court judgment.

## I. FACTS

**{¶5}** A Lawrence County Grand Jury indicted Wilson on one count of burglary in violation of R.C. 2911.12(A)(3).[1] The indictment tracked the statutory language and charged that Wilson "did, by force, stealth or deception, trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure with purpose to commit any criminal offense, in violation of Section 2911.12(A)(3), Burglary," but incorrectly identified the violation as a fourth-degree felony, "F4."  However, under R.C. 2911.12(D), a burglary violation under division (A)(3) is a third-degree felony, "A violation of division (A)(3) of this section is a felony of the third degree."

---

[1] The original indictment also included one count of assault, which was dismissed prior to trial.

{¶6} The state moved to amend the indictment to correct the error. Wilson objected, but the trial court allowed the amendment on the ground that it simply clarified the level of felony.

{¶7} The matter proceeded to a jury trial, which produced the following evidence. Brian McComas testified that he owns a camper that he parks on his mother's property. McComas testified that he had observed suspicious events over the course of several days that caused him to suspect that someone might be planning to break into his mother's home. He decided to stay in his camper overnight and observe her house. McComas fell asleep but was awoken by the noise of someone inside his camper. The intruder, who was later identified as Wilson, had a flashlight and was talking loudly on a cell phone, describing the contents of the camper. McComas confronted Wilson, who immediately left. McComas's mother contacted the police and McComas followed Wilson down the street. McComas lost sight of Wilson until he heard his neighbor, Harrison Litchford, shouting. McComas saw Litchford and Wilson struggling and McComas went to help Litchford restrain Wilson until law enforcement arrived.

{¶8} Harrison Litchford testified that he was at his mother's house and it was a little after midnight when he noticed that the motion sensor light in the driveway was on. Litchford looked out and saw a man with a flashlight rifling through the contents of his mother's car. Litchford went outside and confronted the man, who turned out to be Wilson. Litchford testified that Wilson got out of the car and struck him in the head. A fight ensued. Litchford testified that McComas arrived and identified Wilson as the man who had broken into his camper. The two men overtook and restrained Wilson until law enforcement arrived. Litchford's mother identified Wilson as the man who had broken

into her car that evening and a Lawrence County Deputy Sheriff identified Wilson as the man restrained by Litchford and McComas and whom he later arrested.

{¶9}    The jury returned a guilty verdict and the trial court sentenced Wilson to 30 months in prison.

## II. ASSIGNMENTS OF ERROR

{¶10}  Wilson assigns the following errors for our review:

1.  THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND OTHERWISE COMMITTED REVERSIBLE ERROR IN GRANTING THE STATE'S MOTION TO AMEND THE INDICTMENT, AS THE AMENDMENT CHANGED THE IDENTITY OF THE CRIME CHARGED, THUS VIOLATING THE APPELLANT'S RIGHT TO AN INDICTMENT BY GRAND JURY.

2.  TRIAL COUNSEL'S REFUSAL TO CALL EXPERT WITNESSES, REBUTTAL WITNESSES, FACT WITNESSES, CHARACTER WITNESSES OR ANY WITNESSES AT ALL IN APPELLANT'S DEFENSE AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL TO SUCH EXTENT THAT THE APPELLANT WAS DEPRIVED OF A FAIR TRIAL AND, BUT FOR THE INEFFECTIVE ASSISTANCE OF COUNSEL, THE RESULT OF THE PROCEEDING BELOW WOULD HAVE BEEN DIFFERENT.

## III. LAW AND ANALYSIS

### A. Amendment of the Indictment

#### 1. Standard of Review

{¶11}  Section 10, Article I of the Ohio Constitution states: "[N]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury." This provision "guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would

permit the court to convict the accused on a charge essentially different from that found

by the grand jury." *State v. Headley*, 6 Ohio St.3d 475, 478-79, 453 N.E.2d 716 (1983).

{¶12} Crim.R. 7(D) specifies when a court may permit an amendment to

an indictment:

> The court may at any time before, during, or after a trial amend the
> indictment, information, complaint, or bill of particulars, in respect to any
> defect, imperfection, or omission in form or substance, or of any variance
> with the evidence, provided no change is made in the name or identity of
> the crime charged. If any amendment is made to the substance of the
> indictment, information, or complaint, or to cure a variance between the
> indictment, information, or complaint and the proof, the defendant is
> entitled to a discharge of the jury on the defendant's motion, if a jury has
> been impaneled, and to a reasonable continuance, unless it clearly
> appears from the whole proceedings that the defendant has not been
> misled or prejudiced by the defect or variance in respect to which the
> amendment is made, or that the defendant's rights will be fully protected
> by proceeding with the trial, or by a postponement thereof to a later day
> with the same or another jury. * * * .

{¶13} Crim.R. 7(D) permits most amendments but prohibits amendments that

change the name or identity of the crime charged. *State v. Pepka,* 125 Ohio St.3d 124,

2010-Ohio-1045, 926 N.E.2d 611, ¶ 15. A trial court commits reversible error when it

permits an amendment that changes the name or identity of the offense charged,

regardless of whether the defendant suffered prejudice. *State v. Kittle*, 4th Dist. Athens

No. 04CA41, 2005-Ohio-3198, ¶ 10-13, citing *State v. Smith,* 10th Dist. Franklin App. No.

03AP1157, 2004-Ohio-4786, at ¶ 10. "Whether an amendment changes the name or

identity of the crime charged is a matter of law." *State v. Cooper*, 4th Dist. Ross No.

97CA2326 (June 25, 1998), citing *State v. Jackson*, 78 Ohio App.3d 479, 605 N.E.2d 426

(2d Dist. 1992). Hence, we review this question de novo. *Kittle* at ¶ 12.

{¶14} If the amendment does not change the name or identity of the crime

charged, then we apply an abuse of discretion standard to review the trial court's decision

to allow a Crim.R. 7(D) amendment. *Id.* at ¶ *13,* citing *Smith* at ¶ 10; *State v. Craft,* 181 Ohio App.3d 150, 2009-Ohio-675, 908 N.E.2d 476, ¶ 27 (12th Dist.). An abuse of discretion connotes more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable. *See, e.g., Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## 2. Legal Analysis

**{¶15}** The original indictment charged Wilson with one count of burglary and tracked the statutory language of R.C. 2911.12(A)(3):

> Dickie L. Wilson, on or about September 5, 2017, in Lawrence County, Ohio, did, by force, stealth or deception, trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure with purpose to commit any criminal offense, in violation of Section 2911.12(A)(3) of the Revised Code.
>
> Said act occurred in Lawrence County, Ohio and is contrary to Ohio Revised Code Section 2911.12(A)(3), Burglary, F4.  (OR #3)

R.C. 2911.12(A)(3) states:

> (A) No person, by force, stealth, or deception, shall do any of the following:
> *          *          *
> (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.

A violation of R.C. 2911.12(A)(3) is a third-degree felony. *See* R.C. 2911.12(D) ("A violation of division (A)(3) of this section is a felony of the third degree." ).

**{¶16}** In contrast, burglaries under subsection 2911.12(A)(1) and (2) govern circumstances where a person is present or likely to be present in the occupied structure and are second-degree felonies. This distinction is made because the definition of "occupied structure" does not require that a person be physically present at the time of

the crime. *See* R.C. 2911.12(C) and R.C. 2909.01(C) (an occupied structure is defined as "any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies: (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present. (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present. (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.").

**{¶17}** The state moved to amend the indictment to correct the mistake in the felony level. At the hearing, Wilson's counsel objected on the ground that his "client disputes that the alleged victim even occupied the camper on that particular evening. Therefore, we would object to the amendment that is proposed by the State." Wilson's objection was baseless. The state's proposed amendment did not change that element of the crime. Neither the original indictment nor the amendment specified that a person was present or likely to be present in the occupied structure at the time of the crime. *See* R.C. 2911.12(A)(1) and (2). Rather it alleged a violation of R.C. 2911.12(A)(3). The amendment did not change the burglary from a violation of R.C. 2911.12(A)(3) to a violation of R.C. 2911.12 (A)(1) or (2).

**{¶18}** The original indictment set forth the elements of burglary under R.C. 2911.12(A)(3) and the amendment did not alter that. Under R.C. 2911.12(D), a violation of R.C. 2911.12(A)(3) is always a third-degree felony. Both the original indictment and the amended indictment charge Wilson with the exact same crime.

{¶19} Wilson argues that the amendment changed "the degree of the offense" and this was unallowable under *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609. However, we find *Davis* distinguishable. In *Davis*, Davis was initially indicted on aggravating drug trafficking in an amount less than bulk, which was a fourth-degree felony. The amended indictment *increased the amount of controlled substance involved* to an amount greater than five times the bulk amount but less than fifty times the bulk. As amended, the charge was a second-degree felony. The Supreme Court of Ohio held that the amendment violated Crim.R. 7(D) because it "significantly increased the quantity of drugs alleged to have been sold. The amendment thereby changed the degree of the offense to a second-degree felony from a fourth-degree felony and altered the potential penalties as well." *Id.* at ¶ 9. Here the amendment did not significantly change the crime charged or the potential penalties – a violation of R.C. 2911.12(A)(3) is always a third-degree felony. The amendment corrected a typographical error.

{¶20} In *State v Hensley*, 12th Dist. Warren No. CA2009-11-156, 2010-Ohio-3822, ¶ 7-19, the court rejected the same argument Wilson makes here under similar circumstances. The indictment charged Hensley with gross sexual imposition in violation of R.C. 2907.05(A)(4), which is a third-degree felony offense. However, the indictment incorrectly identified it as a fourth-degree felony. *Id.* at ¶ 7, fn. 1 & 2. The trial court permitted the amendment on the ground that "there is no change in the name or identity, that there is simply a typographical error in the body of the indictment, indicating that this is a felony of the 4th degree when it is not." *Id.* at ¶ 7, fn. 2.

{¶21} The appellate court agreed. It distinguished *Davis* and found that the amendment changed neither the name nor the identity of the crime:

> We find that the general rule espoused in *Davis* has no application to the case at bar. Here, the amendment did not alter the substantive activities or the potential penalties associated with appellant's charge. Rather, both the original and amended indictments charged appellant with the exact same crime, a violation of R.C. 2907.05(A)(4). Under R.C. 2907.05(B), a violation of R.C. 2907.05(A)(4) is *always* a third-degree felony. Thus, the trial court was merely correcting the state's unfortunate, yet harmless, typographical error. Because the penalty of this particular offense remains a third-degree felony in all circumstances, we do not find that the amendment changed the identity of the offense in this case. (Emphasis sic.).

*Id.* at ¶ 16. Because the amendment did not change the name or identity of the offense charged, the court reviewed the trial court's decision to allow the amendment under an abuse of discretion standard, found no prejudice to the defendant, and affirmed the judgment. *Id.* at ¶ 18; *see also State v. Louis*, 9th Summit Dist. No. 20073, 2001 WL 222961, *7-8 (March 7, 2001) (pre-*Davis* case that found that amendment was proper that corrected a typographical error in the indictment that changed the felony from a fourth-degree to a third-degree felony).

{¶22} Here, because the amendment did not change the name or identity of the offense charged, we review the trial court's decision under an abuse of discretion standard. To constitute reversible error, appellant must show not only that the trial court abused its discretion, but that the amendment prejudiced appellant's defense. *Kittle* at ¶ 16; *State v. Beach*, 148 Ohio App.3d 181, 2002 -Ohio- 2759, 772 N.E.2d 677, ¶ 23 (1st Dist.). First, the original indictment put Wilson on notice that he was charged under R.C. 2911.12(A)(3), which is always a third-degree felony. Second, the amendment did not prejudice his defense in any way because it did not change the crime charged in any way. And, Wilson's trial counsel stated that the amendment had no effect on Wilson's view of the plea bargain offered by the state because Wilson "still rejects that offer.

Notwithstanding the amendment to an F-3." Because the original indictment contained the correct statutory section and language, Wilson was not prejudiced by the amendment.

{¶23}  We overrule Wilson's first assignment of error.

## B. Ineffective Assistance of Counsel

{¶24}  The second assignment of error contends that Wilson received ineffective assistance of counsel because his attorney failed to call any witnesses in his defense.

{¶25}  To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In Ohio a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. Thus, in reviewing the claim of ineffective assistance of counsel, we must indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland* at 697, 104 S.Ct. 2052. Failure to satisfy either part of the test is fatal to the claim. *Id.*; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989); *State v. Ruble*, 2017-Ohio-7259, 96 N.E.3d 792, ¶ 47 (4th Dist.).

{¶26}  Wilson claims that his trial counsel was ineffective because counsel did not call any witnesses in his defense. "Generally, counsel's decision whether to call a witness

falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *State v. Treesh*, 90 Ohio St.3d 460, 490, 739 N.E.2d 749 (2001). Moreover, " '[a]ttorneys need not pursue every conceivable avenue; they are entitled to be selective.' " *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 222.

{¶27}  The record shows that Wilson was "caught red-handed" – eye-witnesses to his criminal behavior had wrestled him to the ground and were restraining him until law enforcement arrived. Wilson fails to name or cite to any person in the record that his trial counsel could have called who would have provided favorable testimony in his defense. To the extent Wilson is relying on evidence that is outside the record to support his claim, postconviction relief—not direct appeal—is the appropriate method to seek relief based on a claim of ineffective assistance.  *See State v. Williams*, 4th Dist. Jackson No. 15CA3, 2016-Ohio-733, ¶ 37, citing *State v. Hampton,* 4th Dist. Lawrence No. 15CA1, 2015-Ohio-4171, ¶ 28 (petition for postconviction relief is the proper vehicle to raise a claim of ineffective assistance of counsel that relies upon evidence outside the record).

{¶28}  We overrule Wilson's second assignment of error.

## IV. CONCLUSION

{¶29}   The trial court did not error in granting the state's motion to amend the indictment where the amendment did not change the name or identity of the crime charged and the defendant was not prejudiced.   Trial counsel was not deficient in exercising sound trial strategy when deciding not to call defense witnesses.  Accordingly, we find no merit to either assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
Michael D. Hess, Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**