[Cite as *State v. Cervantes*, 2022-Ohio-2536.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 7-21-06

      v.

RAYMOND CERVANTES,

                                    **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 20 CR 0094

Judgment Affirmed and Cause Remanded

Date of Decision: July 25, 2022

APPEARANCES:

    *Nathan VanDenBerghe* for Appellant

    *Gwen Howe-Gebers* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Raymond Cervantes, appeals the August 30, 2021 judgment of sentence of the Henry County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the court, but remand the matter for the limited purpose of allowing the trial court to correct a clerical error by issuing a nunc pro tunc entry.

{¶2} On August 16, 2020, D.L., Cervantes's estranged wife, drove to Cervantes's Wood County residence at Cervantes's invitation to collect money for damage he previously inflicted on D.L.'s property and residence. When D.L. arrived at the residence, Cervantes gave her a sum of money and then requested that she follow him to the garage where the remainder of the money was supposedly located. According to the victim, upon entering the garage, Cervantes attacked her by punching her, hitting her in the head with a c-clamp, and strangling her. At some point during the struggle, D.L., who was using a knife to protect herself, stabbed Cervantes in the leg, broke free from his grip, fled the garage, and entered her vehicle. However, Cervantes forced himself into the driver side of the vehicle and left the residence with D.L. in the passenger seat.

{¶3} D.L. testified that, as Cervantes was driving out of the driveway, his sister came out of the residence. D.L. made eye contact with Cervantes's sister in an effort to show her the injuries. Shortly thereafter, Cervantes's sister contacted

law enforcement to report the incident. However, law enforcement was unable to immediately locate Cervantes and D.L.

{¶4} Cervantes drove D.L. to multiple locations along the Maumee River before arriving at a remote location in Henry County where he strangled her and repeatedly hit her on the head with a piece of driftwood. Eventually, D.L. convinced Cervantes to take her to the hospital for medical treatment by telling Cervantes that she would not disclose to the hospital staff who caused her injuries. Shortly after D.L. arrived at the hospital, law enforcement located and arrested Cervantes.

{¶5} On August 26, 2020, Cervantes was indicted on two counts: Count One of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony, and Count Two of attempted murder in violation of R.C. 2923.02(A) and R.C. 2903.02(A).[1] On September 1, 2020, Cervantes appeared for arraignment and pleaded not guilty to the counts in the indictment. The trial court also appointed trial counsel for Cervantes.

{¶6} The case proceeded to a jury trial on June 15-16, 2021, at the conclusion of which the jury found Cervantes guilty of both counts. The trial court ordered the

---

[1] The course of events on August 16-17, 2020 occurred in two counties, Wood County and Henry County. The first physical altercation between Cervantes and D.L. occurred in the garage of Cervantes's sister's residence in Wood County. The second physical altercation occurred in a remote area in Henry County. Criminal charges relating to the events occurring in Wood County were filed in a separate action in that jurisdiction. Accordingly, the instant case pertains exclusively to Cervantes's actions in Henry County.

preparation of a presentencing investigation and continued the matter for sentencing.

{¶7} On August 16, 2021, the matter proceeded to sentencing. The trial court found the counts merged for purposes of sentencing. Accordingly, the State elected to sentence Cervantes on Count Two. The trial court sentenced Cervantes to an indefinite prison term of 10 years minimum to 15 years maximum. On August 30, 2021, the trial court filed its judgment entry of sentence.

{¶8} Cervantes timely filed a notice of appeal on September 29, 2021. He raises six assignments of error for our review. For ease of discussion, we will address some of his assignments of error out of order.

### Assignment of Error No. I

**The Trial Court committed plain error when it allowed testimonial out of court statements that were not subject to cross examination to be played for the jury.**

{¶9} In his first assignment of error, Cervantes argues that the trial court committed plain error by allowing the State to play the recording of the 911 call, made by Cervantes's sister, to the jury. Specifically, Cervantes argues that the recording contained testimonial statements that were not subject to cross-examination and, therefore, ran afoul of the Confrontation Clause. We disagree.

{¶10} "Ordinarily, we review a trial court's hearsay rulings for an abuse of discretion." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 97, citing

*State v. Hymore*, 9 Ohio St.2d 122, 128 (1967). *See HSBC Bank USA, Natl. Assn. v. Gill*, 1st Dist. Hamilton, No. C-180404, 2019-Ohio-2814, ¶ 6-10 (documenting a split between courts of appeals concerning the proper standard of review to apply when reviewing the admission of hearsay but concluding that *McKelton* and other Supreme Court decisions dictate abuse-of-discretion review). But, we review evidentiary rulings implicating the Confrontation Clause de novo. *Id.*; *State v. Little*, 3d Dist. Allen No. 1-16-29, 2016-Ohio-8398, ¶ 16. However, as Cervantes recognizes, because he failed to object to the admission of the alleged hearsay embedded in the emergency-dispatch call, we review for plain error. *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, ¶ 72, citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2014-Ohio-3176, ¶ 66; *State v. Arnold*, 147 Ohio St.3d 138, 2016-Ohio-1595, ¶ 65.

{¶11} We recognize plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Landrum*, 53 Ohio St.3d 107, 111 (1990), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Under the plain error standard, the appellant must demonstrate that there is a reasonable probability that, but for the trial court's error,

the outcome of the proceeding would have been otherwise. *State v. West*, ___ Ohio St.3d ___, 2022-Ohio-1556, ¶ 35-36. *See also State v. McAlpin*, ___ Ohio St.3d ___, 2022-Ohio-1567, ¶ 90 ("McAlpin could not establish plain error, because he cannot show a reasonable probability that but for standby counsel's actions, the jury would have acquitted him.").

{¶12} Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay is not admissible unless an exception to the rule against hearsay applies. Evid.R. 802.

{¶13} The recording of the 911 call made by Cervantes's sister to the Perrysburg Township Police Department on August 16, 2020 was authenticated by the emergency dispatcher who answered the call. (June 15-16, 2021 Tr. at 118-120). However, Cervantes's sister did not testify at trial.

{¶14} In the recording, an individual identifying herself as Rose Cervantes requests law enforcement respond to her home regarding her brother, Cervantes. (State's Ex. 14). Rose states that Cervantes had been drinking all day, was "really, really drunk," and was "talking suicide." (*Id.*). Rose tells the dispatcher that she went to the garage, where Cervantes and D.L. had been, and Rose observed blood "all over the floor" of the garage and a broken phone that she believed belonged to D.L. (*Id.*). Rose informed the dispatcher that Cervantes left her home driving D.L.'s

vehicle with D.L. in the vehicle with him. (*Id.*). Rose described the vehicle Cervantes was driving and the direction they were traveling when they left her house. (*Id.*). Rose stated that another sister called Cervantes on his cell phone and that Cervantes told that sister he "was never coming home" and was "having a heart-to-heart [conversation] with his wife." (*Id.*).

{¶15} Additionally, Rose tells the dispatcher that she does not know if the blood that she observed is D.L.'s blood or Cervantes's blood but that Cervantes "can be very violent." (*Id.*). Rose states that there is "blood on the mattress [in the garage]" and then instructs someone in the background, "Don't step in [the blood.] Don't touch nothing [sic]. I shouldn't have even touched [D.L.'s] phone." (*Id.*). Rose also tells the dispatcher that Cervantes had been in prison for taking his ex-wife to a cemetery and instructing her to "pick her grave" and that Cervantes was on "parole" and had cut his ankle monitor off the previous night. (*Id.*).

{¶16} At trial, the recording of the call was played for the jury in its entirety during the dispatcher's testimony. (June 15-16, 2021 Tr. at 119-120). At that time, Cervantes did not object. (*Id.*). However, when the State moved for the admission of its exhibits, Cervantes objected to the admission of State's Exhibit 14. (*Id.* at 298). Cervantes's trial counsel clarified that he did not object to the authenticity of the recording or that the recording may contain present-sense impressions or excited utterances. (*Id.* at 299). Rather, Cervantes's objection was based on statements

contained in the recording that were "irrelevant." (*Id.*). Specifically, Cervantes objected to the reference of his being on "parole" and being a violent individual. (*Id.*).

{¶17} While discussing Cervantes's objection, the trial court stated that although the jury already heard the recording in its entirety, in so doing, the jury heard things it "probably shouldn't have heard." (*Id.* at 300). The parties agreed to redact certain portions of the recording in the event the jury requested to review it during deliberations. (*Id.* at 300-302). With the parties' agreement regarding the redactions, the trial court admitted State's Exhibit 14. (*Id.* at 301-302). Cervantes's trial counsel later stated that because the trial court agreed to redact certain portions of State's Exhibit 14, he was withdrawing his previous objection. (*Id.* at 396).

{¶18} Cervantes's appellate brief details an argument that the hearsay statements embedded in the 911 recording were testimonial in nature and, accordingly, should have been excluded from evidence on that basis. However, he fails to argue that a reasonable probability exists that the outcome of his trial would clearly have been different if not for the trial court's alleged error, a requirement for him to prevail under the plain error standard of review. *West*, ___ Ohio St.3d ___, 2022-Ohio-1556, ¶ 35-36. Rather, Cervantes baldly asserts that because he was unable to confront Rose regarding her "testimonial" statements on the 911 recording, the trial court committed error which was "obvious and prejudiced the

outcome of the trial by submitting the jury to [sic] testimonial statements that were not tested by cross-examination." (Appellant's Brief at 9). However, such bald statements of prejudice are not sufficient to establish plain error. "'[A] defendant has the burden of affirmatively demonstrating the error of the trial court on appeal.'" *State v. Costell*, 3d Dist. Union No. 14-15-11, 2016-Ohio-3386, ¶ 86, quoting *State v. Stelzer*, 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7. If an argument exists that can support an assignment of error, it is not this court's duty to root it out. *State v. Shanklin*, 3d Dist. Union No. 14-13-23, 2014-Ohio-5624, ¶ 31.

{¶19} Furthermore, Cervantes's unsupported claims that the admission of the statements in question constituted prejudice are undermined by Cervantes's own testimony wherein he admits that, at the time of the incident, he was on an ankle monitor for an unnamed offense, "possibly" had a warrant out for his arrest, and had previously been convicted of attempted kidnapping. (June 15-16, 2021 Tr. at 328, 351-352, 355-356, 372). Cervantes also admitted that he caused damage to D.L.'s home during a recent prior "violent domestic incident." (*Id.* at 357).

{¶20} Moreover, the record supports that the State provided sufficient evidence suggesting Cervantes's guilt irrespective of State's Exhibit 14. D.L. testified that that Cervantes drove her to a remote location in Henry County where he beat her repeatedly hit her on the head with a piece of driftwood and strangled her. Additional evidence, such as a piece of driftwood containing clumps of hair

and photographs of D.L.'s injuries were admitted without objection. Furthermore, a sexual assault nurse examiner and a law enforcement officer testified that, in their experience, D.L.'s injuries were consistent with her version of the events. Accordingly, we do not find that Cervantes demonstrated that he was prejudiced by the trial court's alleged error, as required to meet the plain error standard of review.

**{¶21}** Cervantes's first assignment of error is overruled.

### Assignment of Error No. II

**The Trial Court committed reversible error by allowing the State to amend the indictment after the close of evidence.**

**{¶22}** In his second assignment of error, Cervantes argues that the trial court erred by permitting the State to amend the indictment after the close of evidence. Cervantes alleges that the amendment was not permissible under Crim.R. 7 because it changed the identity of the offense.

**{¶23}** Crim.R. 7(D) governs the amendment of indictments and provides as follows:

> The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or

-10-

variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. * * *

**{¶24}** "Crim.R. 7(D) permits most amendments but prohibits amendments that change the name or identity of the crime charged." *State v. Wilson*, 4th Dist. Lawrence No. 18CA15, 2019-Ohio-2754, ¶ 13. "A trial court commits reversible error when it permits an amendment that changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice," and because it is a matter of law, we review de novo whether an amendment changes the name or identity of the offense charged. *Id.*, citing *State v. Kittle*, 4th Dist. Athens No. 04CA41, 2005-Ohio-3198, ¶ 10-13, citing *State v. Smith*, 10th Dist. Franklin No. 03AP1157, 2004-Ohio-4786, ¶ 10; *State v. Jones*, 2d Dist. Montgomery No. 26289, 2015-Ohio-4116, ¶ 125, citing *State v. Frazier*, 2d Dist. Clark No. 2008 CA 118, 2010-Ohio-1507, ¶ 22.

**{¶25}** However, where an amendment does not change the name or identity of the offense charged, we review a trial court's decision to allow a Crim.R. 7(D) amendment for an abuse of discretion. *State v. Thompson*, 9th Dist. Wayne No. 15AP0016, 2016-Ohio-4689, ¶ 11, citing *State v. Gray*, 9th Dist. Summit No. 27365, 2015-Ohio-1248, ¶ 7 and *Frazier* at ¶ 23. Nevertheless, in this case, because Cervantes failed to object to the amendment of the indictment at trial, he is limited to a claim of plain error on appeal. *See State v. Shockey*, 9th Dist. Summit No.

29170, 2019-Ohio-2417, ¶ 7, citing *State v. Guenther*, 9th Dist. Lorain No. 05CA008663, 2006-Ohio-767, ¶ 49.

**{¶26}** With respect to the charge of felonious assault, the indictment stated as follows:

> Count 1: On or about the 16th continuing through the 17th day of August, 2020, at Henry County the defendant, Raymond Cervantes, did knowingly cause or attempt to cause serious physical harm to Jane Doe * * * or to another's unborn by means of a deadly weapon or dangerous ordinance, in violation of the Ohio Revised Code Title 29, Section 2903.11(A)(2) and against the peace and dignity of the State of Ohio.

(Doc. No. 1).

**{¶27}** At the trial, following the close of evidence but before the jury instructions, the State requested that the trial court amend the indictment to delete the reference to "serious" before the phrase "physical harm" with respect to felonious assault count. (June 15-16, 2021 Tr. at 395). Cervantes's trial counsel stated that he had no objection to the amendment. (*Id*.).

**{¶28}** Cervantes argues this amendment changed the identity of the offense charged. Specifically, he argues that the removal of the word "serious" before the phrase "physical harm" changed the identity of the offense from alleging no offense for which there is no penalty to that of an actual offense, felonious assault.

**{¶29}** Indeed, R.C. 2903.11, which governs felonious assault, states, in relevant part, that:

> (A) No person shall knowingly do either of the following:
> (1) Cause serious physical harm to another or to another's unborn; [or]
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordinance.

R.C. 2903.11(A)(1)-(2). Accordingly, the removal of the word, "serious" before the phrase "physical harm" resulted in the language of the indictment mirroring the language of R.C. 2903.11(A)(2). However, contrary to Cervantes's argument, we do not find that the trial court's amendment changed the name or identity of the felonious assault offense.

{¶30} In *State v. Frazier*, the Second District Court of Appeals, while reviewing identical amendments to two counts of felonious assault, found that the removal of the word "serious" from the indictments did not alter the name or identity of the felonious assault offense because "the original indictment and its amended version included all the elements required by R.C. 2903.11(A)(2)." *State v. Frazier*, 2010-Ohio-1507, ¶ 25. The Second District Court of Appeals reasoned that the inclusion of the word "serious" in the indictment was "surplusage because it is not relevant to a charge of felonious assault under R.C. 2903.11(A)(2) and can be removed from the indictment while leaving all the essential elements of the crime." *Id.* at ¶ 26. We agree.

{¶31} Moreover, R.C. 2941.25 provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar

import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." "Indeed, the Supreme Court of Ohio has explicitly stated that a 'conviction' requires both a finding of guilt and a sentence." *State v. Miller*, 3d Dist. Logan No. 8-19-02, 2019-Ohio-4121, ¶ 12. Here, at the sentencing hearing, the trial court determined that Counts One and Two were allied offense of similar import and sentenced Cervantes on Count Two, attempted murder. Thus, even if the trial court did err by granting the State's request to amend Count One of the indictment, any such error is harmless because Cervantes was not convicted of that offense.

**{¶32}** Accordingly, we find that the trial court did not commit plain error by granting the State's motion to amend the indictment.

**{¶33}** Cervantes's second assignment of error is overruled.

### Assignment of Error No. III

**The Trial Court erred when it refused to include a jury instruction on abandonment as proposed by Appellant's Counsel.**

**{¶34}** In his third assignment of error, Cervantes argues that the trial court abused its discretion by declining to issue his requested jury instruction regarding the affirmative defense of abandonment. Cervantes alleges the trial court erred by refusing to instruct the jury on abandonment and alleges that a jury could have found that he abandoned his attempt to murder D.L. after he had an opportunity to calm down. (Appellant's Brief at 14).

**{¶35}** "Trial courts have a responsibility to give all jury instructions that are relevant and necessary for the jury to properly weigh the evidence and perform its duty as the factfinder." *State v. Shine-Johnson*, 10th Dist. Franklin No. 17AP-194, 2018-Ohio-3347, ¶ 25. "Requested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 240. Yet, a trial court may refuse to issue a requested jury instruction if "'the evidence adduced at trial is legally insufficient' to support it.'" *State v. Juntunen*, 10th Dist. Franklin Nos. 09AP-1108 and 09AP-1109, 2010-Ohio-5625, ¶ 13, quoting *State v. Barnd*, 85 Ohio App.3d 254, 259 (3d Dist.1993). "[T]he trial judge is in the best position to gauge the evidence before the jury and is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction." *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, ¶ 72. Accordingly, "[a] court reviewing a trial court's refusal to submit to the jury a requested instruction must determine whether the trial court's decision constituted 'an abuse of discretion under the facts and circumstances of the case.'" *Juntunen* at ¶ 13, quoting *State v. Wolons*, 44 Ohio St.3d 64, 68 (1989). An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶36} R.C. 2923.02(D) sets forth the affirmative defense of abandonment and provides: "[i]t is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose."

{¶37} Cervantes argues that an abandonment jury instruction was warranted in this case based upon the victim's testimony. Specifically, Cervantes points to D.L.'s testimony that, at some point, she was able to convince Cervantes to drive her to the hospital to receive medical attention. According to Cervantes, due to D.L.'s testimony, the jury could have found that the violent actions D.L. took "while enraged were abandoned after he had an opportunity to calm down." (Appellant's Brief at 14). We disagree.

{¶38} Abandonment is an affirmative defense that places burden on the defendant to establish the facts to support the defense. "'Under Ohio law, an affirmative defense is justification for admitted conduct, which does not "seek to negate any of the elements of the offense which the state is required to prove."'" *State v. Fickenworth*, 10th Dist. Franklin No. 13AP-826, 2014-Ohio-2502, ¶ 15, quoting *Gahanna v. Cameron*, 10th Dist. Franklin No. 02AP-255, 2002-Ohio-6959, ¶ 28, quoting *State v. Martin*, 21 Ohio St.3d 91, 94 (1986). At trial, Cervantes did not acknowledge he attempted to commit murder and abandoned the attempt.

Rather, with respect to the conduct that occurred in Henry County, his position at trial was an attempt to negate the elements of the State's case. Cervantes alleged that he drove D.L. to Henry County in an attempt to locate his friends who were night fishing in the area and to convince one of them to drive him to the hospital to receive medical attention for his leg. Cervantes denied physically assaulting D.L. at the location in Henry County and, instead, testified the head injuries she sustained in Henry County were the result of her accidentally hitting her head on a car door. Cervantes's denial of the elements of the offense of attempted murder is inconsistent with a claim of abandonment. *State v. Rudasill*, 10th Dist. Franklin No. AP19-61, 2021-Ohio-45, ¶ 83; *Fickenworth* at ¶ 15. Accordingly, we find the trial court did not err by denying Cervantes's request for a jury instruction on abandonment.

{¶39} Cervantes's third assignment of error is overruled.

## Assignment of Error No. IV

**The Trial Court erred when it stated in its Sentencing Entry that Appellant's sentence was mandatory**

## Assignment of Error No. VI

**The Reagan Tokes Act is an Unconstitutional Violation of Due Process**

{¶40} In Cervantes's fourth and sixth assignments of error, he argues that his sentence was contrary to law. In his fourth assignment of error, Cervantes argues the trial court erred by stating in its sentencing entry that his sentence was

mandatory. In his sixth assignment of error, he argues the indefinite-sentencing provisions of the Reagan Tokes Law, under which he was sentenced, violate his right to due process. For ease of discussion, we address Cervantes's sixth assignment of error first, followed by his fourth assignment of error.

**{¶41}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Reagan Tokes Indefinite Sentencing*

**{¶42}** In his sixth assignment of error, Cervantes argues that the indefinite-sentencing provisions of the Reagan Tokes Law,[2] under which he was sentenced, infringe on his right to due process. At the outset, we note that Cervantes failed to object to the constitutionality of the Reagan Tokes Law in the trial court. "The '[f]ailure to raise at the trial court level the issue of the constitutionality of a statute

---

[2] Because we have thoroughly explained these provisions in previous opinions, we need not do so here. *See*, e.g., *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2872, ¶ 9; *State v. Hiles*, 3d Dist. Union No. 14-20-21, 2021-Ohio-1622, ¶ 11-16.

or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. "However, we retain the discretion to consider a waived constitutional argument under a plain-error analysis." *Id.* at ¶ 8. "An error qualifies as 'plain error' only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise." *Id.* In this case, we elect to exercise our discretion to review Cervantes's constitutional arguments for plain error. *See id.* at ¶ 8, 15 (reviewing a "waived" challenge to the constitutionality of the Reagan Tokes Law for plain error).

{¶43} Cervantes's challenge does not present a matter of first impression in this court. Since the indefinite-sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite-sentencing provisions of the Reagan Tokes Law do not facially violate the separation of powers doctrine or infringe on defendants' due process rights. *E.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21.

**{¶44}** In this case, Cervantes asks us to reconsider our earlier decisions. In recent months, a number of defendants have requested the same of us—requests that we have uniformly rejected. *E.g.*, *State v. Abston*, 3d Dist. Henry No. 7-21-04, 2022-Ohio-884, ¶ 33; *Wolfe* at ¶ 22; *Barnhart* at ¶ 12-15; *State v. Mitchell*, 3d Dist. Allen No. 1-21-02, 2021-Ohio-2802, ¶ 17; *State v. Rodriguez*, 3d Dist. Seneca No. 13-20-07, 2021-Ohio-2295, ¶ 15. As Cervantes has not presented us with any compelling reason to depart from our earlier precedent on facial challenges to the indefinite-sentencing provisions of the Reagan Tokes Law, we once again decline to do so.

**{¶45}** Cervantes also challenges the indefinite-sentencing provisions of the Reagan Tokes Law as applied to him, contending that they violate his constitutional right to due process. In the past, we have held that certain as-applied challenges to these provisions were not ripe for review. *See, e.g.*, *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 11. However, the Supreme Court of Ohio recently decided *State v. Maddox*, ___ Ohio St.3d ____, 2022-Ohio-764, and determined that constitutional challenges to the indefinite sentencing provision of the Reagan Tokes Law are ripe for review. Based on the holding in *Maddox*, we address Cervantes's argument that the indefinite-sentencing provisions of the Reagan Tokes Law violate his right to a jury trial.

-20-

**{¶46}** In reviewing the matter, we emphasize that statutes are presumed constitutional, and it is Cervantes's burden to demonstrate that the statute at issue is unconstitutional. *State v. Thompkins*, 75 Ohio St.3d 558, 1996-Ohio-264. Cervantes has presented no compelling authority undermining the constitutionality of the indefinite-sentencing provisions of the Reagan Tokes Law.

**{¶47}** Notwithstanding this point, numerous Ohio courts of appeals have already rejected challenges similar to Cervantes's. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25; *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 23; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, ¶ 46 (en banc). We agree with the reasoning expressed by these courts and determine that Cervantes's "as-applied" challenge regarding the jury trial issue is unavailing.

**{¶48}** In sum, we conclude that the indefiniteness of Cervantes's sentence does not render his sentence contrary to law. Therefore, Cervantes's sixth assignment of error is overruled.

*Discrepancy in Judgment Entry*

**{¶49}** In his fourth assignment of error, Cervantes argues that his sentence is void because the trial court stated in its judgment entry that his prison sentence was mandatory.[3] We disagree.

---

[3] In its brief the State acquiesces that the offense of attempted murder did not require a mandatory sentence and suggests any error could be corrected by the trial court issuing a nunc pro tunc sentencing order.

Case No. 7-21-06

{¶50} At the sentencing hearing on August 16, 2021, the trial court stated as follows:

> You have been convicted of Attempted Murder, a felony of the first degree and Felonious Assault, a felony of the second degree. You will be sentenced on the more serious offense because the Court finds that the offenses are allied offenses of similar import and merge. The potential minimum term for violating this section is between three and eleven years and the potential maximum term is between four- and one-half years and sixteen-and one-half years. The Court has considered all of the statutory factors required to be considered and hereby imposes a minimum sentence of ten years and a maximum sentence of fifteen years in the custody of the Ohio Department of Corrections and Rehabilitation. * * *.

(Aug. 16, 2021 Tr. at 8-9). At no time during the sentencing hearing did the trial court indicate that any portion of Cervantes's prison term was mandatory.

{¶51} However, in the judgment entry of sentence filed on August 30, 2021 states:

> It is, therefore, ORDERED that the defendant serves a stated indefinite term of Ten (10) years minimum to a maximum term of Fifteen (15) years at the Ohio Department of Rehabilitations and Corrections under Count Two for Attempted Murder, a violation of Ohio R.C. 2923.02(A) and 2903.02(A), a felony of the first degree; *which is a mandatory term* pursuant to R.C. 2929.13(F), 2929.14(D)(3) or 2925 * * *.

(Emphasis added.) (Doc. No. 88).

{¶52} Cervantes suggests that the discrepancy between the sentence announced at the sentencing hearing and the sentence memorialized in the judgment entry of sentence with respect to the mandatory or non-mandatory nature of his sentence renders his sentence void. However, a review of the transcript of the

-22-

sentencing hearing indicates that the trial court never indicated to Cervantes at the sentencing hearing that the sentence was mandatory. In fact, the trial court discussed his ability to apply for judicial release, which is only available for non-mandatory prison terms. (Aug. 16, 2021 Tr. at 8-9). Accordingly, the reference in the judgment entry to Cervantes's sentence being "mandatory" was a clerical error.

{¶53} While we agree with Cervantes's assertion that the trial court's error in journalizing Cervantes's sentence must be corrected, we disagree with his contention that the trial court's error rendered his sentence void. Crim.R. 36 states that "[c]lerical mistakes in judgments, orders, or other parts of the record * * * may be corrected by the court at any time." Crim.R. 36. "A nunc pro tunc entry is permitted to correct the record to accurately reflect what happened in a hearing when a judgment entry is inaccurate." *State v. Brown*, 3d Dist. Hancock No. 5-18-25, 2019-Ohio-1696, ¶ 8. "Trial courts in criminal matters 'retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided.'" *State ex rel. Arnold v. Gallaher*, 153 Ohio St.3d 234, 2018-Ohio-2628, ¶ 17 quoting *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 13. A review of the record indicates that the trial court correctly informed Cervantes in open court of the non-mandatory nature of his prison term at the hearing on August 16, 2021. The judgment entry incorrectly stated that his prison term was mandatory. Thus, the entry did not accurately reflect

the sentence imposed at the hearing. Accordingly, the trial court's error in journalizing Cervantes's sentence can be corrected by nunc pro tunc entry. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 24 (finding that a nunc pro tunc entry can correct a clerical error in a sentencing entry "as long as the correction is accomplished prior to the defendant's completion of his prison term").

{¶54} Cervantes's fourth assignment of error is sustained in so far as the trial court's sentencing order erroneously describes the prison term as being mandatory.

**Assignment of Error No. V**

**Appellant did not receive effective assistance of counsel when Counsel failed to object to the playing of a 911 recording, when Counsel failed to object to the State's motion to amend the indictment, when Counsel failed to propose a self-defense jury instruction and when Counsel failed to object to the constitutional validity of Reagan Tokes.**

{¶55} In his fifth assignment of error, Cervantes argues that he received ineffective assistance of counsel. Cervantes claims his trial counsel performed deficiently by failing to object to: the playing of a recording of the 911 call, the State's motion to amend the indictment, and the constitutional validity of the Reagan Tokes Law. Cervantes further alleges his trial counsel was ineffective for failing to propose a self-defense jury instruction.

{¶56} "In criminal proceedings, a defendant has the right to effective assistance of counsel under both the United States and Ohio Constitutions." *State v. Evick*, 12th Dist. Clinton No. CA2019-05-010, 2020-Ohio-3072, ¶ 45. A

defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance of counsel. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989).

**{¶57}** Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Strickland* at 694.

**{¶58}** First, we note that through our resolution of Cervantes's other assignments of error, we have effectively preempted Cervantes's argument that his counsel was ineffective for failing to object to: (1) the playing of the 911 recording, (2) the State's motion to amend the indictment, and (3) the constitutional validity of the Reagan Tokes Law. In our review of Cervantes's first, second, and sixth assignments of error, respectively, we concluded that the trial court did not commit plain error by playing the recording of the 911 call, amending the indictment, and applying an indefinite sentence pursuant to the Reagan Tokes Law. To show plain error, "[t]he accused is * * * required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22. Therefore, as the prejudice standards for plain-error and ineffective-assistance-of-counsel claims are the same, we have already determined that Cervantes was not prejudiced by his trial counsel's performance with respect to the playing of the 911 call, the amendment of the indictment, and the application of the Reagan Tokes Law, regardless of whether such performance was deficient. *State v. Nurein*, 3d Dist. Union No. 14-21-18, 2022-Ohio-1711, ¶ 60. For this reason, we need not further consider these components of Cervantes's ineffective-assistance-of-counsel claim. *Id.*, citing *State v. Jarrell*, 4th Dist. Gallia No. 15CA8, 2017-Ohio-520, ¶ 51.

**{¶59}** With respect to Cervantes's argument that his counsel was ineffective for failing to propose a self-defense jury instruction, we find that his claim is without merit. "Generally, the failure to request jury instructions is purely a matter of trial tactics and will not be disturbed upon review." *State v. Herrington*, 9th Dist. Summit No. 25150, 2010-Ohio-6455, ¶ 11, citing *State v. Clayton*, 62 Ohio St.2d 45, 47-49 (1980). Until recently, Ohio put the onus on the defendant to prove the elements of self-defense by a preponderance of the evidence. *State v. Messenger*, 10th Dist. Franklin No. 19AP-879, 2021-Ohio-2044, ¶ 36. However, following revisions to R.C. 2901.05, the statute now "'place[s] the burden on the prosecution to disprove at least one of the elements of self-defense beyond a reasonable doubt.'" *Id.*, quoting *State v. Carey*, 10th Dist. Franklin No. 10AP-402, 2020-Ohio-2691, ¶ 31. Now, the State is required "to disprove self-defense by proving beyond a reasonable doubt that [the defendant] (1) was at fault in creating the situation giving rise to the affray, OR (2) did not have a bona fide belief he was in imminent danger of death or great bodily harm for which the use of deadly force was his only means of escape, OR (3) did violate a duty to retreat or avoid the danger." *Carney* at ¶ 31.

**{¶60}** However, "[u]nder the current version of R.C. 2901.05(B), the state is not required to prove the defendant did not act in self-defense until the defendant introduces evidence that tends to support they acted in self-defense." *State v. Walker*, 6th Dist. Lucas No. L-20-1047, 2021-Ohio-3860, ¶ 61. In other words, the

defendant maintains the burden of production on their self-defense claim before the state inherits the burden of persuasion." *Id.*, citing *State v. Petway*, 11th Dist. Lake No. 2019-L-124, 2020-Ohio-3848, ¶ 55.

**{¶61}** As discussed in our review of Cervantes's argument that the trial court erred by denying his request for a jury instruction on abandonment, Cervantes testified that he did not have any kind of physical altercation with D.L. at the location in Henry County and claimed the head injuries she sustained in Henry County were the result of accidental injury. Although Cervantes did argue that during the physical altercation at his sister's residence in Wood County, D.L. attacked him with a knife, the charges in the instant case relate to the physical altercation that occurred in Henry County. Thus, Cervantes did not introduce evidence that he acted in self-defense with respect to the events occurring in Wood County. Therefore, the State did not inherit the burden of persuasion relating to a self-defense claim. Trial counsel was not ineffective for failing to perform a futile act. *State v. Witherspoon*, 8th Dist. Cuyahoga No. 94475, 2011-Ohio-704, ¶ 33. If Cervantes's trial counsel had requested a jury instruction on self-defense, his request would had been denied. "Where, as here, the record contains no evidence that would support a self-defense instruction, the defendant cannot meet his burden of establishing that he was denied effective assistance of counsel based on counsel's

failure to request a self-defense instruction. *State v. May*, 8th Dist. Cuyahoga No. 102482, 2015-Ohio-4275, ¶ 35.

**{¶62}** Moreover, with respect to his argument that his trial counsel was ineffective for failing to request a jury instruction relating to self-defense, Cervantes argues that the jury "could have concluded, given the opportunity, that [he] acted in self-defense, even though he was also enraged" and that he was prejudiced because the jury was denied "an opportunity to seek a valid alternative." (Appellant's Brief at 19). To sustain a claim of ineffective assistance of counsel, the defendant is required to affirmatively establish prejudice. *State v. Hill*, 4th Dist. Athens No. 16CA3, 2018-Ohio-67, ¶ 43. Bare claims of prejudice of "[c]onclusory statements that the outcome would have been different, without more, are not enough to carry a defendant's burden on the issue of prejudice." *State v. Williams*, 1st Dist. Hamilton No. C-180588, 2020-Ohio-1368, ¶ 22. As Cervantes has done little more than baldly assert prejudice, he has failed to carry his burden on this issue. Accordingly, we conclude that Cervantes has not demonstrated that he received ineffective assistance of counsel.

**{¶63}** Cervantes's fifth assignment of error is overruled.

{¶64} In conclusion, we affirm the judgment of the trial court, but remand the matter for the limited purpose of allowing the trial court to correct its clerical error by issuing an appropriate nunc pro tunc entry.

*Judgment Affirmed and*
*Cause Remanded*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**